74 F.3d 1245
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
James DIXON; Richard Hargett; Leslie Eaton; Charles E.
McDermott; David Pargas, Plaintiffs-Appellants,
v.
KING COUNTY, Defendant-Appellee.
 No. 94-35937.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Dec. 8, 1995.
Decided Jan. 2, 1996.
 
 Before: FLETCHER, KOZINSKI, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 James Dixon and other present or former fire investigators employed by King County, Washington, appeal the district court's grant of summary judgment in favor of King County in the investigators' action for overtime compensation brought under the Fair Labor Standards Act, 29 U.S.C. Sec. 201 et seq. (FLSA). We have jurisdiction over this timely appeal under 28 U.S.C. Sec. 1291 and we affirm.
 
 FACTS AND PRIOR PROCEEDINGS
 
 3
 The King County Fire Investigation Unit investigates all county fires of unknown or suspicious origin, suspected arson fires, and fires causing more than $10,000 in damages. The Fire Inspector's office is open from 6:00 a.m. until 5:00 p.m. Monday through Friday. During other hours fire inspectors are on-call for investigations. The majority of calls for inspectors occur during on-call hours with an average of one call per shift.
 
 
 4
 Two inspectors are assigned to each two-week period of on-call duty. One responds to all after-hours calls on Monday, Wednesday and Friday and all weekend calls the first week, while the other responds to Tuesday and Thursday after-hours calls. The assignments are reversed on the second week. For much of the time encompassed by this action, three inspectors staffed the on-call schedule, which meant that each inspector was on-call four out of every six weeks. There have been as many as five inspectors rotating on-call duty. Inspectors are free to trade shifts, but, in practice, rarely do.
 
 
 5
 While on call, an inspector must respond to all the calls in person. The Fire Department's goal had been a thirty minute response time, but this has been changed to forty-five minutes, with exceptions for areas of the County which are difficult to reach. No disciplinary action has ever been taken against an inspector for arriving late at a fire scene.
 
 
 6
 Each inspector is provided with a County vehicle, a pager, a cellular phone, a car phone, fire inspection equipment, and clothing. Inspectors usually leave the inspection equipment in the county vehicle. There is no rule that an inspector must drive the county vehicle to a fire scene, but, because of the response time requirement and the necessary equipment, inspectors feel they have no choice but to use the county vehicle to respond to calls.
 
 
 7
 The inspectors have been told of the King County official policy prohibiting personal use of County vehicles. The County maintains that, under informal understandings, inspectors may use the vehicles for personal trips. However, the inspectors have not made personal use of the vehicles.
 
 
 8
 The inspectors assert that the combination of a prohibition on personal use of county vehicles, short response time and required equipment effectively confines them to the vicinity of their homes while on call. Furthermore, while at home, they assert they cannot engage in activities which would prevent them from hearing the phone or in activities that they couldn't leave immediately to respond to a call.
 
 
 9
 The inspector's compensation for time spent on call is set forth in a collective bargaining agreement. Beginning in early 1989, the inspectors were paid at a rate of ten percent of their regular hourly wage for time on-call not spent responding to a call. In 1991 the rate was increased to twelve percent. Inspectors are paid for a minimum of four hours at time-and-a-half every time they respond to a call.
 
 
 10
 The inspectors brought this action, asserting that they are entitled to overtime compensation for time spent waiting on-call from November 1989 to the present. On cross-motions for summary judgment on liability, the district court held that the inspectors' time on-call did not constitute compensable hours of work and that King County had not violated the FLSA or the Washington Minimum Wage Act, RCW 49.46.005. Because no liability was found, the district court did not consider whether the inspectors were entitled to liquidated damages under 29 U.S.C. Sec. 260. The inspectors timely filed this appeal.
 
 STANDARD OF REVIEW
 
 11
 A grant of summary judgment is reviewed de novo. Warren v. City of Carlsbad, 58 F.3d 439, 441 (9th Cir.1995). The district court found and the parties agree that there are no disputed issues of material fact concerning to what extent inspectors are able to use on-call time for personal activities. Whether these limitations are such that on-call waiting time would be considered compensable overtime under the FLSA is a question of law reviewed de novo. Berry v. County of Sonoma, 30 F.3d 1174, 1180 (9th Cir.1994), cert. denied, 115 S.Ct. 1100 (1995).
 
 DISCUSSION
 
 12
 The FLSA requires that employers pay overtime compensation to employees for hours worked in excess of forty hours per week. 29 U.S.C. Sec. 207(a). The determination whether time spent on-call but not working is compensable overtime under the FLSA turns on two factors: "(1) the degree to which the employee is free to engage in personal activities; and (2) the agreements between the parties." Owens v. Local No. 169, Ass'n of W. Pulp and Paper Workers, 971 F.2d 347, 350 (9th Cir.1992).
 
 
 13
 In determining the degree to which the employee's time on-call is restricted we should consider:
 
 
 14
 (1) whether there was an on-premises living requirement;
 
 
 15
 (2) whether there were excessive geographical restrictions on employee's movements; (3) whether the frequency of calls was unduly restrictive (4) whether a fixed time limit for response was unduly restrictive; (5) whether the on-call employee could easily trade on-call responsibilities; (6) whether the use of a pager could ease restrictions; and (7) whether the employee had actually engaged in personal activities during call-in time. Id. at 351.
 
 
 16
 The list is illustrative, not exhaustive, and no single factor should be dispositive. Id. The employee need not have the "same flexibility or freedom as he would if not on call, else all or almost all on-call time would be working time." Id. at 350-51.
 
 
 17
 The inspectors do not have an on premises living requirement. While there are geographical restrictions on inspectors' movements, they are not so significant as to render on-call time work time. See Service Employees Int'l Union, Local 102 v. County of San Diego, 60 F.3d 1346, 1355 (9th Cir.1995) (park rangers, who were not allowed to leave park during night duty, not entitled to overtime pay). Inspectors receive, on average, one call per on-call shift. This does not create a significant restriction on their use of on-call time for personal purposes. Inspectors are required to respond to most calls within forty-five minutes. However, like the coroners in Berry, the inspectors are not employed to respond to an emergency in progress, and, moreover, no inspector has ever been disciplined for arriving late. The response time goal is not unduly restrictive. Inspectors are free to trade on-call shifts. In practice, however, this rarely occurs because of the inspectors' reluctance to impose on one another. "The fact that [inspectors] seldom are willing to impose upon one another's off duty time does not mean they cannot easily trade shifts if they seek to trade." Berry, 30 F.3d at 1185. The inspectors have cellular phones, car phones, and pagers, which do allay the need to stay by the telephone. The inspectors do engage in personal activities at their residences while on-call. While there are some limitations on the type of personal activities inspectors can do while on call, the fact that they are at their residences while on-call indicates that these limitations are not so significant as to require compensation under the FLSA. Service Employees, 60 F.3d at 1355.
 
 
 18
 The compensation scheme in the inspectors' collective bargaining agreement is similar to that for the park rangers in Service Employees. It provides some minimal, base compensation for the hours of on-call duty, with an additional overtime rate of pay for time spent responding to calls. "An agreement between the parties which provides at least some type of compensation for on-call waiting time may suggest the parties characterize the waiting time as work." Berry, 30 F.3d at 1181. However, agreements are not controlling "regardless of the character of the uncompensated time at issue." Id. Department of Labor regulations provide that an employer may provide some payment for on-call time without changing the nature of on-call time. 29 C.F.R. Sec. 778.223. Here, like the park rangers in Service Employees, the compensation provided the inspectors for their hours on-call, does not make that time compensable work time, where their on call time is not "so restricted that it could not be used for personal activities." 60 F.3d at 1355.
 
 CONCLUSION
 
 19
 Although we recognize that the restrictions on the inspectors' ability to engage in personal activities while on call are not insignificant, the totality of circumstances does not support the inspectors' contention that their on-call time is compensable under the FLSA. The district court properly granted summary judgment for King County. We agree with the district court, however, that it is unfortunate that the County has not seen fit to establish a clear written policy permitting the inspectors to use their vehicles for personal use while on call, as this would alleviate many of the restrictions on the inspectors' use of their time while on call.
 
 
 20
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3